**Antoine Delano CAW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 369–93, 370–93.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 3, 1993.

John D. Nation, Dallas, for appellant.

John Vance, Dist. Atty., Michael J. Sandlin & Mary Miller, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Appellant's petition for discretionary review refused.

## DISSENT TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge, dissenting.

Because the Court of Appeals' opinion in this case is in conflict with *Cole v. State*, 839 S.W.2d 798 (Tex.Crim.App.1992) (op. on reh'g), and its resolution under *Garcia v. State*, No. 1095–92 slip op., 1993 WL 366511 (Tex.Crim.App. Sept. 22, 1993), is questionable, I dissent to the majority's decision to refuse review.

In *Cole*, we considered the admissibility, under Rule of Criminal Evidence 803(8)(B), of reports prepared in a Department of Public Safety Crime Laboratory, reflecting the results of tests run on blood, seminal fluid, spermatozoa, and foreign hair samples, where the conducting chemist did not testify at trial. We concluded the reports were inadmissible in the absence of the conducting chemist:

> *The items upon which the tests were performed were collected as part of investigating a crime, and the reports prepared by the DPS chemist were unquestionably a product of evaluating the results of that investigation.* Furthermore, and perhaps most importantly, the reports were *not prepared for purposes independent of specific litigation, nor were they ministerial, objective observations of an unambiguous factual nature.* Therefore, we find that the letter reports in the instant case fail to satisfy the requirements of TRCE 803(8)(B), since they constitute "matters observed" by "other law enforcement personnel," and are therefore inadmissible.

*Cole,* 839 S.W.2d at 810 (quoting and reaffirming holding on original submission) (emphasis added).

Recently, in *Garcia,* we addressed the admissibility of an autopsy report prepared in the Office of Medical Examiner, where the examiner who prepared the report did not testify. Seriously overlooking the criminal investigatory nature of the office of medical examiner, its prosecutorial ties, and the purposes of the testimony, thereby distorting the guidelines set forth in *Cole,* this Court held that the autopsy report was admissible under Rule 803(8)(B) because it was both objective and subjective, a medical examiner has no "motive to fabricate the results," autopsy reports are not "necessarily prepared in contemplation of litigation," and because the prosecution is not "necessarily involved in the medical examiner's investigation or the preparation of the report."

The issue presented in appellant's petition in the instant case is whether the Court of Appeals erred in holding that drug analyses reports [1] prepared in the Drug Analysis Division of the Dallas County Forensic Laboratory were admissible in the absence of the conducting chemist. In my opinion, the reports should have been found inadmissible under *Cole,* although admissibility now under *Garcia* is less than clear. Although *no* testimony was given on the nature of the tests run and only scant testimony addressed the relationship between the lab and the police department, the Court of Appeals concluded that the chemists employed by the lab were not acting as "other law enforcement personnel":

> The lab functions independently from any law enforcement body, and its services are available to any person, public or private corporation or individual, who wishes to pay the lab fees. The chemical analyses are routine procedures, done for whomever requests them. This status, we hold, distinguishes them from the DPS lab in *Cole.* The Dallas County lab is not the inherently adversarial, litigious and prosecution-oriented environment characterized in Cole. It is an autonomous agency, and we

hold that the results of its testing need not be viewed with the same caution reserved for law enforcement agencies.

*Caw v. State,* Nos. 08–92–00155–CR, 851 S.W.2d 322, 324 (Tex.App.—El Paso 1993) and No. 08–92–00156–CR, slip op. at 5 (unpublished) (opinion No. 08–92–00156–CR, is identical to opinion No. 08–92–00155–CR). Had the Court of Appeals correctly applied *Cole,* it could not have escaped the conclusion that "the items upon which the tests were performed were collected as part of investigating a crime, and the reports prepared by the [laboratory] chemist were unquestionably a product of evaluating the results of that investigation.... [Further,] the reports were not prepared for purposes independent of specific litigation, nor were they ministerial, objective observations of an unambiguous factual nature." *Cole,* 839 S.W.2d at 810. Instead, the Court of Appeals seems to have focused upon the fact that the reports at issue in *Cole* were prepared by a DPS lab, while the laboratory here was an agency independent of law enforcement. This is akin to the focus of the Court in *Garcia,* which placed inordinate weight on the fact that the office of medical examiner was created by statute and had some statutory duties apart from criminal prosecutions. Although the Court of Appeals did not have the "benefit" of this Court's opinion in *Garcia* at the time of its decision, it may have unwittingly conformed to the state of the law under *Garcia.* However, even its conformity to *Garcia* is less than clear because *Garcia* professes to remain true to the rule of *Cole.*

In the wake of *Garcia,* trial courts are now going to be more confused than ever; I believe we should have granted review in this case in order to ease their burden and set forth more definitively the perimeters established in *Cole.*

CLINTON, J., joins.

---

1. The reports concluded the tested substance contained cocaine, and identified the weight of

the substance tested and the percentage of cocaine contained therein.