**Frankie PARRAMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 340–94.**

Court of Criminal Appeals of Texas.

June 22, 1994.

Discretionary Review Refused
June 22, 1994.

Kerry P. FitzGerald, Dallas, for appellant.

John Vance, Dist. Atty., Patricia Poppoff Noble, Rae–Ann Allong and Martin Miller, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

*DISSENT TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge, dissenting.

In refusing appellant's petition for discretionary review in this case, the Court has impliedly sanctioned the replacement of the standard set forth in *Cole v. State*, 839 S.W.2d 798 (Tex.Crim.App.1992) (op. on reh'g), for determining when reports of law enforcement personnel are admissible under Rule of Criminal Evidence 803(8)(B). Under the new test, the only question to be resolved is whether the agency or entity responsible for producing the report has a name other than "police department" or "department of public safety". If so, the report is admissible.

In *Cole* we held that reports of the Department of Public Safety were "matters observed" by "other law enforcement personnel" within the meaning of Rule 803(8)(B) because

*The items upon which the tests were performed were collected as part of investigating a crime, and the reports prepared by the DPS chemist were unquestionably a product of evaluating the results of that investigation. Furthermore, and perhaps most importantly, the reports were not prepared for purposes independent of specific litigation, nor were they ministerial, objective observations of an unambiguous factual nature.*

*Cole*, 839 S.W.2d at 810 (emphasis added). In the instant case, appellant was convicted of delivery of a controlled substance, cocaine. At trial, the State offered a laboratory report through the supervising chemist of the Drug Analysis Section of the Dallas County Forensic Laboratory, a division of the Southwestern Institute of Forensic Sciences. The report contained an analysis of the evidence purported to be cocaine. The chemist testified that all but a small percentage of the laboratory's work was done for persons and agencies other than the State, and that work conducted on behalf of the State was performed "with an eye toward a future prosecution."

I cannot agree that the report was "prepared for purposes independent of specific litigation". Certainly, the substance was tested "as part of investigating a crime" and the report prepared was "unquestionably a product of evaluating the results of that investigation." The contents of the report went to the very crux of the State's case, whether appellant had in fact made a delivery of a controlled substance. Yet, appellant was not afforded meaningful cross-examination as to the analysis of the sample at issue in this case since the chemist who testified did not conduct the tests.

I dissent to the Court's refusal of appellant's petition for discretionary review. Because the Court of Appeals has failed to apply the standard set forth in *Cole,* I believe review should be granted. *See Garcia v. State,* 868 S.W.2d 337 (Tex.Crim.App.1993) (Maloney, J., dissenting); *Caw v. State,* 864 S.W.2d 546 (Tex.Crim.App.1993) (Maloney, J., dissenting).