In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-307 CR


____________________



PAUL ANDERSON PIPPILLION, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 85449






MEMORANDUM OPINION



 A jury found appellant guilty of Possession of a Controlled Substance. Appellant
pleaded true to enhancement allegations and was sentenced by the trial court to
confinement in the Institutional Division of the Texas Department of Criminal Justice for
a term of fifteen years. After the instant appeal was perfected, appellate counsel filed a
brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967) and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), concluding there
was no arguable error to support an appeal. Appellant then filed a pro se brief. 

 Appellant's lone issue for review contends the trial court abused its discretion by
allowing into evidence a supervising chemist's non-expert testimony based on a laboratory
report prepared by her subordinate. The State's brief agrees with appellant's assessment
and not only concedes error but also harm. We have examined the governing case cited
by both parties, Cole v. State, 839 S.W.2d 798 (Tex. Crim. App. 1990), in light of the
testimony contained in the reporter's record. We agree with the parties that the holdings
in Cole precluded the admissibility of Ms. Bates' testimony as to the results of the
laboratory testing of the suspected contraband which was the basis for appellant's
prosecution.

 We also agree with the State that in light of the evidence elicited at trial, the holding
in Caw v. State, 851 S.W.2d 322, 324 (Tex. App.- -El Paso), pet. ref'd, 864 S.W.2d 546
(Tex. Crim. App. 1993), is not applicable. We also find the circumstances present in
Martinez v. State, 22 S.W.3d 504 (Tex. Crim. App. 2000), are not present in the instant
record. Ms. Bates' testimony that the suspected contraband was cocaine was not based
upon her personal expert opinion. The record indicates that Ms. Bates was merely reading
from the laboratory report that was prepared by her subordinate, Melissa Taylor. This was
not, therefore, "the present opinion of a testifying witness[.]" Id. at 508. We also agree
with the State that appellant's substantial rights were affected by the introduction of the
testimony as the gravamen of the offense was the possession of a contraband substance,
to-wit: cocaine. See Tex. R. App. P. 44.2(b); Tex. Health & Safety Code Ann. §
481.115(a),(b) (Vernon 2003). Proof of the contraband nature of the substance allegedly
possessed by appellant came in from no other source. We therefore sustain appellant's
lone issue for review. The judgment of the trial court is reversed and the cause remanded
to the trial court for further proceedings. (1) 

 REVERSED AND REMANDED. 

 PER CURIAM

 

 

Submitted on August 18, 2003

Opinion Delivered August 27, 2003

Do Not Publish 

 

Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. As noted above, this appeal came to us via an Anders claim from appellate counsel. 
Ordinarily, if our subsequent independent examination of the record reveals any arguable
error, we are required to order appointment of new counsel. See Stafford v. State, 813
S.W.2d 503, 510-511 (Tex. Crim. App. 1991). Since the State concedes error and harm,
a conclusion with which we concur, there is no need for a remand for appointment of new
appellate counsel as appellant has received all the relief to which he is entitled as the
record contains legally sufficient evidence to sustain the conviction. See Jackson v.
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Bobo v. State, 843
S.W.2d 572, 575-576 (Tex. Crim. App. 1992) (An evaluation of legal sufficiency requires
reviewing court to look at all the evidence, whether properly or improperly admitted.).