**Antoine Delano CAW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08-92-00155-CR.**

Court of Appeals of Texas, El Paso.

Feb. 17, 1993.

John D. Nation, Dallas, for appellant.

John Vance, Criminal Dist. Atty., Dallas, for state.

Before KOEHLER, BARAJAS and LARSEN, JJ.

**OPINION**

LARSEN, Justice.

The trial court, after trial to the bench, convicted Antoine Delano Caw of two counts of delivery of cocaine and assessed punishment at 10 years' confinement in the Texas Department of Criminal Justice Institutional Division, and a fine of $1,500 for each case.[1] Defendant brings one point of error on appeal. We affirm.

**FACTS**

On January 30, 1991 and again on February 4, 1991, defendant Antoine Caw sold baggies containing a substance appearing to be cocaine to Detective W.M. Carroll of

---

**1.** The trial court indicated, however, that if defendant Caw successfully completed 180 days in the TDCJ, his sentence would be modified to shock probation with conditions of probation to include completion of a drug rehabilitation program.

the Garland Police Department. During trial, the prosecutor introduced State's Exhibits One and Two, drug analysis reports prepared by the drug analysis division of the Dallas County Forensic Laboratory. The sponsoring witness for these exhibits was John Lomonte, supervisor of the division. The tests had actually been performed and the reports prepared by Ann Couch, a chemist working under Mr. Lomonte's supervision.

Defense counsel objected to the admission of the lab analyses, arguing that they were inadmissible hearsay absent sponsorship by the person who actually performed the tests. The trial court nevertheless admitted the reports.

## DISCUSSION

Defendant Caw argues that his case is controlled by the Court of Criminal Appeals' decision in *Cole v. State*, 839 S.W.2d 798 (Tex.Crim.App.1992). There, the Court decided that a letter-report authored by a Texas Department of Public Safety chemist-toxicologist, who did not sponsor the report at trial, was inadmissible hearsay. The Court held that D.P.S. chemists are "law enforcement personnel" within the meaning of Tex.R.Crim.Evid. 803(8)(B). The Court thus reasoned that the report could not be admitted under the hearsay exception contained in Rule 803(8), which allows:

**Public Records and Reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding, however, matters observed by police officers and other law*

*enforcement personnel ....* [Emphasis added]. Tex.R.Crim.Evid. 803(8).

The Court held:

[The .chemist], in fact, testified that he considered himself ... 'laboratory personnel with a law enforcement agency' or 'law enforcement personnel.' The items upon which the tests were conducted were collected by an investigator with the Lubbock County Criminal District Attorney's office and turned over to the chemists at the Department of Public Safety laboratory. While not all chemists may be so, the chemists in the present case were certainly important participants in the investigative and prosecutorial effort, for, as [the chemist] testified, as a forensic chemist, his job was to perform tests on 'evidence that is admitted to our laboratory concerning a criminal investigation.' *Cole*, 839 S.W.2d at 803.

The Court went on to conclude that, in light of the clear intent of Rule 803(8) that matters prepared by law enforcement personnel in the course of a criminal investigation and in anticipation of specific litigation were not included within that exception to the hearsay rule, such evidence must be excluded from evidence absent testimony from the individual who actually performed the tests. The Court further held that the same evidence could not be admitted under the aegis of Tex.R.Crim.Evid. 803(6) [2] ("the business records exception") as this would be inconsistent with the clearly intended effect of the more specific rule. *Cole*, 839 S.W.2d at 806.

The chemist's reports before us in this case are clearly the sort of evidence *Cole* is intended to address. The only question before us, therefore, is whether the chemist-toxicologists of the Dallas County Forensic Laboratory are "law enforcement personnel" within the meaning of Rule 803(8)(B), or whether they are sufficiently removed from the law enforcement process

2. The following is not excluded by the hearsay rule, even though the declarant is available as a witness:

(6) **Records of Regularly Conducted Activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information trans-

mitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness....

that either the public records [3] or business record exceptions to the hearsay rule properly allowed admission of the evidence here. We hold that here, the chemists were not law enforcement personnel, and that the evidence was therefore properly admitted under either exception to the hearsay rule.

## THE FORENSIC LABORATORY

The Dallas County Forensic Laboratory is a division of the Southwestern Institute of Forensic Science. Mr. John Lomonte, supervisor of the drug analysis section of the laboratory, testified at trial concerning the two laboratory reports performed there. He is the custodian of the reports, which are kept on a regular basis at the lab, are made by someone with personal knowledge of the events recorded in them, at or near the time of the event recorded. It is the business of the laboratory to make and keep the records. At the time the chemical analyses are done, Mr. Lomonte personally reviews the results, verifies the scientific accuracy of the data and then signs off on each report. Although he did not personally conduct the chemical analysis here, Ann Couch, the chemist who did, is his subordinate. The Dallas County Forensic Laboratory does drug analyses for police agencies, but also for corporations, individuals, hospitals, doctors' offices and generally for anyone who is willing to pay their fee. The lab's budget is controlled by the Dallas County Commissioners' Court, and the fees it receives are returned to the county general fund. Eighty to eighty-five percent of the lab's work is for law enforcement agencies. The lab personnel know, when they receive substances from law enforcement agencies for analysis, that a criminal prosecution will likely ensue if the substance is a prohibited one.

We hold that the chemists employed by the Dallas County Forensic Laboratory are not "law enforcement personnel" within the meaning of Tex.R.Crim.Evid. 803(8)(B) and *Cole*. The lab functions independently from any law enforcement body, and its services are available to any person, public or private, corporate or individual, who wishes to pay the lab fees. The chemical analyses are routine procedures, done for whomever requests them. This status, we hold, distinguishes the lab here from the DPS lab in *Cole*. The Dallas County lab is not the inherently adversarial, litigious and prosecution-oriented environment characterized in *Cole*. It is an autonomous agency, and we hold that the results of its testing need not be viewed with the same caution reserved for law enforcement agencies.

## CONCLUSION

The chemists employed by the Dallas County Forensic Laboratory are not "law enforcement personnel" within the meaning of Tex.R.Crim.Evid. 803(8)(B). Thus, the test results sponsored here by a supervisor who did not actually perform the chemical analysis were admissible under either one of two exceptions to the hearsay rule: Tex.R.Crim.Evid. 803(6), the business records exception, and Tex.R.Crim.Evid. 803(8), the public records and reports exception. The judgment of the trial court is affirmed.

---

**3.** As discussed below, the Dallas County Forensic Laboratory is an arm of the County of Dallas.