Fidel Y. AGUILAR, Appellant,

v.

STATE of Texas, Appellee.

Nos. 04–92–00159–CR, 04–92–00160–
CR and 04–92–00161–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 24, 1993.

Richard Lee Urban, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., Melissa Barlow, Penny Anderson, Alfredo Tavera, Asst. Criminal Dist. Attys., San Antonio, for appellee.

Before PEEPLES, BIERY and GARCIA, JJ.

## OPINION

BIERY, Justice.

Fidel Y. Aguilar, appellant, was convicted by a jury of two offenses of delivery of heroin and one offense of delivery of cocaine and sentenced to twenty-five years confinement for each offense.[1]   In seven points of error, Aguilar contends (1) his motion for continuance should have been granted because of the absence of a material witness; (2) he was denied a fair trial because the state failed to identify the confidential informer; (3) irrelevant extraneous offense evidence was admitted over objection; and (4) hearsay testimony of a supervising chemist was admitted in violation of the Texas Rules of Evidence.   We reverse and remand.

The record reflects, among other things, Officer Leo Alonzo was working undercover for the San Antonio Police Department Narcotics Bureau in January and February of 1991.   Officer Alonzo testified that, during this period of time, he had occasion to make three delivery cases on appellant: (1) delivery of heroin on January 23, 1991; (2) delivery of heroin on January 21, 1991; and (3) delivery of cocaine on February 21, 1991.   Appellant was arrested on February 24, 1991 by Officer Frank Villela because of an outstanding warrant for a parole violation.

1. Although indicted under three separate cause numbers, appellant was tried for two cases of delivery of heroin and one case of delivery of cocaine in one trial at his own request.

At trial, Officer Alonzo was called by the State to identify appellant as the person who sold him heroin and cocaine. During its case-in-chief, the State also called Joe Castorena, an assistant chief toxicologist for the Medical Examiner's Office. Mr. Castorena discussed the laboratory's testing of the narcotics acquired by Officer Alonzo. Most of his testimony was based on his review of a report prepared by other chemists whom he supervised. Appellant objected to the supervising chemist testifying to test results obtained by other chemists. Although appellant raises additional points of error, we address only points four and five because of their dispositive effect on the appeal.

■ In points four and five, appellant argues Mr. Castorena's testimony about another person's laboratory report analysis is inadmissible hearsay pursuant to the holding of the Texas Court of Criminal Appeals in *Cole v. State*, 839 S.W.2d 798 (Tex.Crim.App.1990).[2] In *Cole*, a chemist had analyzed physical evidence taken from a sexual assault victim. *Id.* at 800. Because the chemist was unavailable to testify, the State called his supervising chemist to discuss the laboratory report of the physical evidence. The court of criminal appeals held the laboratory report constituted inadmissible hearsay because it violated Rule 803 of the Texas Rules of Criminal Evidence. *Id.* at 806.

The State responds that, because the reports in this case were never admitted in evidence, Castorena testified as to his opinion as an expert only. Although the *Cole* majority failed to address the admissibility of the chemist's testimony apart from the admissibility of the reports, the judgment of the lower court was reversed and remanded for a harm analysis pursuant to Rule 81(b)(2) of the Texas Rules of Appellate Procedure. *Id.* at 806, 813. As noted by Judge Maloney, in his concurring opinion, "the majority leaves ... the ... impression, that at no time may a supervising chemist or any expert testify as to tests

conducted by a sub-ordinate." *Id.* at 814 (Maloney, J., concurring). We are bound to comply with the court of criminal appeals and apply its reasoning to this case. Because the laboratory report and the supervising chemist's testimony were improperly admitted in *Cole*, we hold Mr. Castorena's testimony was improperly admitted in this case.

Additionally, although the *Cole* majority failed to address the admissibility of the chemist's testimony apart from the admissibility of the reports, Judge Maloney discussed the issue in his concurring opinion:

Texas Rules of Criminal Evidence 705 provides that an expert may disclose on direct examination or may be required to disclose on cross-examination facts or data underlying his opinion. Subparagraph (d) of Rule 705, which has no federal counterpart, provides, however, that facts or data which would otherwise be inadmissible shall be excluded if the court determines that "the danger that they will be used for an improper purpose outweighs their value as explanation or support for the expert's opinion. One of the greatest dangers in allowing otherwise inadmissible evidence under Rule 705 is that the jury will consider the facts and data as substantive evidence rather than as merely constituting the underlying basis for the expert's opinion. For that reason it is crucial that the trial court have the opportunity to conduct the balancing test prescribed by Rule 705(d) and that a limiting instruction be given upon request. Therefore, I would hold that when otherwise inadmissible evidence is offered for the purpose of disclosing the basis of an expert's opinion pursuant to Rule of Criminal Evidence 705, *the party offering the evidence must inform the court of the limited purpose for which the evidence is offered so that the court can conduct the required balancing test.*

*Id.* at 815 (Maloney, J., concurring) (emphasis added). In this case, the State does not

---

2. While we find *Cole* authoritative and binding, we note the trial judge and counsel could not have known about *Cole* because the judgments

in the cases before us were signed March 5, 1992 and the *Cole* opinion on rehearing was delivered October 21, 1992.

contend Mr. Castorena's testimony concerning the findings contained in the laboratory reports was not offered to prove the truth of those findings. Because the State did not inform the trial court that the testimony was offered for the specific limited purpose of disclosing the basis of Mr. Castorena's expert opinion, the court did not have the opportunity to conduct the required balancing test and give a limiting instruction, if requested. Therefore, it cannot be said the evidence was offered for the limited purpose of disclosing the basis of Mr. Castorena's expert opinion under Justice Maloney's analysis.

The State next argues *Cole* is distinguishable from the facts before us. As stated above, the court of criminal appeals held the laboratory report constituted inadmissible hearsay because it violated Rule 803(8)(B) of the Texas Rules of Criminal Evidence. *Cole*, 839 S.W.2d at 801–02. Rule 803(8)(B) excludes as inadmissible hearsay any public record which sets forth matters "observed by police officers and other law enforcement personnel." Recognizing that the Texas Rules of Evidence were patterned after the Federal Rules of Evidence, the court of criminal appeals based its opinion largely on the case of *United States v. Oates*, 560 F.2d 45 (2d Cir.1977), in which the court held the Federal Rules of Evidence barred the use of law enforcement and evaluative reports in court when the author was unavailable to testify. *Id.* at 802. The chief concern of the *Oates* court was how the use of such evidence violated the confrontation clause of the federal constitution. The *Oates* court, on facts similar to those in *Cole*, held a chemist's report is essentially an investigative report compiled for law enforcement purposes to be used against an accused in court. *Id.*

The court of criminal appeals later noted on rehearing that one important reason for prohibiting such evidence is the adversarial context in which drug testing is conducted. *Id.* at 809 (opinion on rehearing). Specifically, the "Department of Public Safety laboratory is a uniquely litigious and prosecution-oriented environment" in that items upon which tests are performed are collect-

ed as part of a criminal investigation. *Id.* at 809–10. The court also said that Department of Public Safety reports are not prepared for independent purposes, nor are they ministerial objective examinations of an unambiguous factual nature. *Id.* at 810. Accordingly, the court of criminal appeals held that a full-time chemist with the Texas Department of Public Safety was considered a law enforcement official within the meaning of Rule 803(8)(B). *Id.* Based on *Cole*, we hold the report prepared by the Bexar County Forensic Science Center, previously known as the Medical Examiner's Regional Crime Lab, is inadmissible hearsay and should have been excluded if offered into evidence. Because the report is inadmissible, the supervising chemist, who was personally unfamiliar with the drug testing other than from information contained in the report, could not testify to the results of the report. Points four and five are sustained.

The necessity to prove by chemical analysis that the material sold was illegal contraband clearly is an essential element of the State's case. Therefore, we cannot say the admission of the testimony constituted harmless error under Tex.R.App.P. 81(b)(2). Accordingly, the judgments of the lower court are reversed and remanded for a new trial.