# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-40090
Summary Calendar

KENNETH SIE LINICOMN

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-440

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner-appellant Kenneth Sie Linicomn ("Linicomn"), Texas prisoner #1283439, was found guilty of possession of a controlled substance and sentenced as a repeat offender to 20 years in prison. He filed a 28 U.S.C. § 2254 petition challenging this conviction, arguing that trial counsel rendered ineffective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance by not raising a hearsay objection to the State's testifying expert or lab report evidence.

## DISCUSSION

Linicomn was convicted of possessing crack-cocaine. A lab report showed that the substance in Linicomn's possession was cocaine. During trial, the original lab technician who ran the test, Ruben Rendon ("Rendon"), was unavailable. Instead, his supervising technician, Lynette Jonas-Feuquay ("Jones-Feuquay"), testified to the lab report's results. The lab report was entered into evidence without objection.

Following exhaustion of his state remedies, Linicomn petitioned for federal habeas relief for denial of a constitutional right. This court granted a certificate of appealability on three grounds:

1. Whether admission of the lab report without the presence of the person who prepared it violated his Sixth Amendment rights?

2. Whether Texas's contemporaneous objection rule bars Linicomn from raising a Confrontation Clause claim?

3. Whether Linicomn's counsel provided inadequate assistance by failing to raise a hearsay objection to both Jonas-Feuquay's testimony and the introduction of Rendon's lab report?

In his brief, Linicomn concedes that Texas's contemporaneous objection rule procedurally bars him from raising a Sixth Amendment claim. Therefore, the only remaining issue is whether his counsel rendered inadequate assistance by failing to raise hearsay objections to Jonas-Feuquay's testimony and Rendon's lab report.

Ineffective assistance of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). A petitioner must demonstrate two things: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a defendant

must overcome the presumption that the "challenged action might be considered sound strategy." *Id.* To demonstrate prejudice, petitioner must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

The Texas Court of Criminal Appeals has denied Linicomn's claim; consequently, Linicomn cannot obtain federal habeas corpus relief unless he can show that the state court's adjudication of that claim resulted in a decision that was contrary to established federal law. *See Riddle v. Cockrell*, 288 F.3d 713, 716 (5th Cir. 2002), *cert. denied* 537 U.S. 953; 28 U.S.C. § 2254(d)(1). However, even under *de novo* review, Linicomn's petition fails.

First, Linicomn fails to rebut the presumption that his attorney's decision not to raise hearsay objections could be part of a sound strategy. The objection to Jonas-Feuquay's testimony would likely have failed. Jonas-Feuquay is an expert in her own right and offered her own expert opinion. The Texas Court of Criminal Appeals has held that the testimony of an expert chemist concerning the test results obtained by another chemist is not hearsay. *See Martinez v. State*, 22 S.W.3d 504, 508 (Tex. Crim. App. 2000) (citing *Aguilar v. State*, 887 S.W.2d 27, 29-30 (Tex. Crim. App. 1994)). Indeed, in a prior trial that resulted in mistrial, Linicomn's attorney unsuccessfully raised a hearsay objection. Similarly, while the lab report may have been hearsay, it could have survived a hearsay objection if the State entered it for the limited purpose of supporting Jonas-Feuqay's testimony. *Aguilar*, 887 S.W.2d at 30. Further, even if Linicomn's attorney could have successfully raised hearsay objections, trial attorneys often waive objections to scientific evidence as such objections may antagonize juries and judges. Finally, even if Linicomn's attorney successfully objected to Jonas-Feuqay's testimony and the lab report, the State could still call Rendon to testify. Thus, the attorney would have objected to no positive effect: both the testimony and lab report would still be admitted and the judge and jury

might believe Linicomn's attorney to be obstinate. Accordingly, Linicomn has not shown that his attorney's actions were not part of a larger strategy.

Second, Linicomn fails to demonstrate prejudice against him. In order to demonstrate prejudice, Linicomn must show that the State would be unable to introduce the scientific evidence that he possessed cocaine. He has made no such showing. At most, Linicomn can demonstrate that the lab report was hearsay. Nevertheless, the State could still have entered the lab report into evidence for the limited purpose of supporting Jonas-Feuqay's testimony. *Aguiler*, 887 S.W.2d at 30. Further, the lab report could also be introduced without limitation, because the State could call Rendon to testify. As such, Linicomn has not shown that, absent his attorney's supposed error, the cocaine evidence would not be introduced and the jury might have reached a different outcome.

## CONCLUSION

As Linicomn has not shown either that his attorney's decision constituted unreasonable professional assistance or that his attorney's decision prejudiced the outcome of the trial, the judgment of the district court denying Linicomn habeas relief is AFFIRMED.