

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00157-CR

_____


GARY JORDAN COZZENS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0820401



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Having been convicted by a jury of one count of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact, Gary Jordan Cozzens was sentenced to life sentences on each of the three charges and ordered to serve them concurrently.

On appeal, Cozzens claims that the trial court erred in admitting certain medical records and expert testimony and complains further that the evidence was factually insufficient to support the verdict. Because we find that the trial court did not err in the admission of the complained-of medical records and expert testimony and because Texas law no longer recognizes a claim of factual insufficiency of the evidence as a basis for review on appeal, we affirm the judgment of the trial court.[1]

## I. BACKGROUND

Cozzens and his former wife, Darla Niehay, are the parents of two daughters, Ila and Julia.[2] Cozzens, released from prison in 2008, met with Niehay on two occasions at a McDonald's restaurant in Fort Worth regarding the girls and as a result of those meetings, arrangements were made for Ila, age thirteen, and Julia, age seventeen, to visit Cozzens at his residence in Cumby, Hopkins County, Texas. Ila (unaccompanied by Julia) visited Cozzens and his current wife in

---

[1] Cozzens was indicted on four additional charges of aggravated sexual assault of a child (one of which was dismissed) and one additional charge of indecency with a child by sexual contact as a result of occurrences that took place in July 2008; these matters were consolidated for trial. Convictions resulting from these indictments are the subject of a separate appeal before this Court, styled *Gary Jordan Cozzens v. The State of Texas*, cause number 06-09-00158-CR, the opinion in which is issued of even date herewith.

[2] Pseudonyms, the names of the two girls having been changed in this opinion.

2

their residence over a weekend in July 2008. Approximately one week later, Ila (but not Julia) stayed with Cozzens and his wife again, this time for an additional week. On Ila's third and final week-long visit with Cozzens and his wife, Julia joined Ila in Cumby for a weekend during that time.

Ila was diagnosed at Cook Children's Medical Center in Fort Worth as suffering from genital herpes in August 2008, and was examined September 2, 2008, by Dr. Jamye Coffman, a child abuse pediatrician. Coffman testified that she interviewed Ila for a medical history, at which time Ila told Coffman about sexual abuse she had suffered at the hands of Cozzens.[3] Coffman's physical examination of Ila revealed a number of pustules in the vaginal and anal area. Based on the interview, the physical examination Coffman conducted of the child, her consultation with the emergency room physician at Cook Children's Medical Center who initially examined and treated Ila on August 26, and a review of Ila's medical records from Cook Children's Medical Center, Coffman diagnosed Ila as suffering from sexual abuse, genital herpes, and vaginal discharge.

---

[3]Ila's statement or "history" included statements from her which included the following: Cozzens licked and touched Ila's breasts. He touched her "privates" with his hands and his penis. Cozzens put his penis in her vagina. Ila also indicated that Cozzens put his finger and his penis in her anus, and it hurt. "Juice" came out of his penis and onto Ila's face. Cozzens put his mouth on Ila's "privates" and made her put her mouth on his penis. Cozzens showed Ila pictures of naked people in a magazine and told Ila not to tell, because he would go to jail. Ila indicated that Cozzens had sores on his penis.

## II.   ANALYSIS

### A.   Coffman's Expert Opinion Was Reliable

On appeal, Cozzens generally contends that Coffman's testimony regarding Ila's diagnosis is unreliable because it is based on laboratory results for herpes testing found in the medical records of Cook Children's Medical Center and not from Coffman's own work.   Cozzens complains that because Coffman neither performed the herpes test nor was present to ensure that proper protocol was followed in the collection and transmission of culture material, Coffman's opinion regarding Ila's diagnosis is unreliable.

Even when an expert relies on information of which the expert has no personal knowledge, the admissibility of his opinion is not affected "unless the court determines that he does not have a sufficient basis for his opinion." *Aguilar v. State*, 887 S.W.2d 27, 29 (Tex. Crim. App. 1994). Rule 705(c) of the Texas Rules of Evidence governs the reliability of expert testimony and states that "[i]f the court determines that the underlying facts or data do not provide a sufficient basis for the expert's opinion under Rule 702 or 703, the opinion is inadmissible."   TEX. R. EVID. 705(c).

Cozzens was afforded the opportunity, pursuant to Rule 705(b) of the Texas Rules of Civil Procedure, to voir dire Coffman regarding "the underlying facts or data" upon which her opinion was based.   TEX. R. CIV. P. 705(b).   During this voir-dire examination, Coffman testified that she was familiar with sexually transmitted diseases (including genital herpes) and the testing and diagnosis of those diseases.   She related that genital herpes is most easily diagnosed with a culture

4

test. Although she was not present when specimens in this case were collected and sent to the laboratory, Coffman described how a specimen is collected, stored, identified, and tested for genital herpes. Coffman generally described laboratory testing known as a polymerase chain reaction, which tests certain parts of a virus' DNA for identification purposes. If the results are positive for the presence of the genital herpes virus, the virus is then sub-typed as herpes I or II. The ordering physician is then provided the test results, which are entered into the computer by someone with immediate knowledge of that information.

Coffman did not take the specimen in this case and she did not perform the laboratory testing to determine positive test results for genital herpes. Instead, Coffman relied on the physician who collected the specimen and on the laboratory personnel who conducted the testing to follow protocol to ensure the accuracy of the test results. These laboratory test results are included in the records of Ila from Cook Children's Medical Center.

Coffman's diagnosis of genital herpes was not, however, based solely on the laboratory test results. In addition to the test results she was provided, Coffman based her diagnosis on (1) her consultation with Dr. Doreen Teoh (the emergency room physician who examined and treated Ila at Cook Children's Medical Center); (2) her medical history interview and the physical examination of Ila she had conducted; (3) Coffman's education, training, and experience; and (4) a review of Ila's medical records from Cook Children's Medical Center. Coffman further testified that it is customary in her profession to rely on consultation with other physicians who have treated

5

the patient as well as on the patient's medical records in forming a diagnosis. Coffman's diagnosis that Ila suffered from genital herpes has not changed.

Although Cozzens did not dispute Coffman's qualifications to provide expert testimony, he maintained that her testimony was not reliable expert witness evidence. The trial court overruled this objection. We review the trial court's decision to admit expert testimony under an abuse of discretion standard. *Alvarado v. State*, 912 S.W.2d 199, 216 (Tex. Crim. App. 1995); *Malone v. State*, 163 S.W.3d 785, 793 (Tex. App.—Texarkana 2005, pet. ref'd). An abuse of discretion occurs when the trial court acts without reference to any guiding rules and principles, or in other words, acts in an arbitrary and unreasonable manner. *Malone*, 163 S.W.3d at 793.

Rule 703 of the Texas Rules of Evidence provides that:

The facts or data in the particular case upon which the expert bases an opinion or inference may be those perceived by, reviewed by, or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

TEX. R. EVID. 703.

Coffman testified that it is customary in her profession to rely on hospital records, including laboratory test results, to form a diagnosis. This testimony was not challenged. Coffman was, therefore, entitled under Rule 703 to rely on the results of laboratory testing for genital herpes in diagnosing Ila's condition. *See Aguilar*, 887 S.W.2d at 29 n.9. Moreover, the laboratory test result report contained in the records of Cook Children's Medical Center was not

6

the sole component of Coffman's diagnosis. Coffman also relied upon other factors, such as Ila's relation to her of a history of sexual abuse and Coffman's physical examination of Ila, who exhibited an outbreak of pustules in the vaginal and anal areas (which was consistent with symptoms of that disease). Coffman also relied on her own education, experience, and training in reaching this diagnosis and the opinion rendered by her. These factors render her opinion reliable. The trial court did not abuse its discretion in permitting Coffman to testify that Ila suffered from herpes and to testify regarding the basis of that diagnosis (which necessarily included laboratory test results of the type customarily relied on by physicians such as Coffman).[4] *See* TEX. R. EVID. 705(a).[5] We conclude that the underlying facts and data upon which Coffman based her opinion provide a sufficient basis for that opinion under Rule 705(c) of the Texas Rules of Evidence. TEX. R. EVID. 705(c). The State carried its burden to "establish some foundation for the reliability of [Coffman's] opinion." *Vela v. State*, 209 S.W.3d 128, 134 (Tex. Crim. App. 2006). This point of error is overruled.

### B.      The Trial Court Did Not Err in Admitting Medical Records

---

[4]At trial, defense counsel objected to Coffman's testimony regarding statements Ila made to Coffman regarding sexual abuse by Cozzens on the basis of hearsay and that such testimony violated the Confrontation Clause of the United States and Texas Constitutions. The trial court overruled the objection, apparently on the basis that the history given to Coffman was for the purpose of medical diagnosis or treatment. *See* TEX. R. EVID. 803(4). On appeal, Cozzens neither specifically raised this issue, nor is this issue briefed for our consideration.

[5]Rule 705(a) of the Texas Rules of Evidence permits an expert to disclose, on direct examination, the underlying facts or data upon which her opinion is based. TEX. R. EVID. 705(a).

Cozzens further disputes the admissibility of Ila's medical records from Cook Children's Medical Center, and in particular, the laboratory test results contained in those records. Cozzens bases that argument on the premise that there was no evidence provided that proper protocol was followed in the collection or testing of the specimen for purposes of identification of the herpes virus. Cozzens claims that merely because Coffman was entitled to rely on Ila's medical records from Cook Children's Medical Center in formulating her opinion, such reliance does not render the records themselves admissible at trial.[6] Rule 705(d) of the Texas Rules of Evidence sets forth a balancing test to determine whether otherwise inadmissible facts or data upon which an expert opinion is based should be excluded. TEX. R. EVID. 705. In order to prompt the necessity to employ a Rule 705 balancing test, however, the records must first have been determined to be inadmissible. Cozzens fails to provide any legal authority for his statement that the records are inadmissible due to a lack of a proper foundation or predicate for admission of the test results contained therein. Under Rule 38.1 of the Texas Rules of Appellate Procedure, an appellant's brief must cite authority in support of the issues raised. TEX. R. APP. P. 38.1(h). A contention that is conclusory and cites no authority presents nothing for review. *King v. State*, 17 S.W.3d 7, 23 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). We conclude that this issue is insufficiently briefed and thus presents nothing for our review.

---

[6]Not only did Coffman rely on the laboratory test results and other medical records from Cook Children's Medical Center in giving her opinion—the actual records, including laboratory test results, were admitted into evidence at trial over defense counsel's objection.

Cozzens further claims the medical records in total should not have been admitted because they were not provided to defense counsel until after jury selection; thus, there was no opportunity to voir dire the venire with respect to information contained in the records. As before, this contention is once again posited without citation to legal authority. We are thus presented only with a conclusory statement. As such, this issue presents nothing for review. TEX. R. CIV. P. 38.1(h); *King*, 17 S.W.3d at 23.

Finally, Cozzens claims the medical records were inadmissible because they were not submitted by the custodian of records. Contrary to this assertion, Coffman provided testimony proving up Ila's medical records as business records in accord with Rule 803(6) of the Texas Rules of Evidence. TEX. R. EVID. 803(6).[7] Thus, to the extent that the issue of the medical records' admissibility has been preserved, we find no error in their admission. This point of error is overruled.

## C. Factual Insufficiency of the Evidence

In his final point of error, Cozzens claims the evidence is factually insufficient to support a finding of guilt. Under the authority of a recent opinion where a plurality of the Texas Court of

---

[7]Coffman testified that upon questioning from the State's attorney, she is the custodian of records for Cook Children's Medical Center; that State's Exhibit 1 was kept in the regular course of business by the hospital; that an employee or representative made the records or transmitted the information regarding the acts, events, conditions, opinions, or diagnosis contained therein; the information in the records was recorded at or near the time or reasonably soon after the events recorded in the records; the employee or representative who made the entries had actual knowledge of the events recorded; and the records are exact duplicates of the originals.

9

Criminal Appeals abolished the separate factual sufficiency review, we do not address Cozzens'

challenge to the factual sufficiency of the evidence.[8]  *See Brooks*, 2010 WL 3894613, at **1, 14.

## III.   CONCLUSION

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     November 23, 2010
Date Decided:       November 24, 2010

Do Not Publish

---

[8]In *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at **1, 14 (Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision), a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny.  The plurality and a concurring Judge Womack agreed that the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.  *Brooks*, 2010 WL 3894613, at *1, 14.  Accordingly, since the Texas Court of Criminal Appeals has abolished factual sufficiency review on the part of the appellate review process, we need not address the challenge to the factual sufficiency of the evidence.