In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00157-CR

                                                ______________________________

 

 

                                 GARY JORDAN COZZENS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0820401

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Having
been convicted by a jury of one count of aggravated sexual assault of a child
and two counts of indecency with a child by sexual contact, Gary Jordan Cozzens
was sentenced to life sentences on each of the three charges and ordered to
serve them concurrently.  

            On
appeal, Cozzens claims that the trial court erred in admitting certain medical
records and expert testimony and complains further that the evidence was
factually insufficient to support the verdict. 
Because we find that the trial court did not err in the admission of the
complained-of medical records and expert testimony and because Texas law no
longer recognizes a claim of factual insufficiency of the evidence as a basis
for review on appeal, we affirm the judgment of the trial court.[1]  

I.          BACKGROUND

            Cozzens and his
former wife, Darla Niehay, are the parents of two daughters, Ila and Julia.[2]  Cozzens, released from prison in 2008, met
with Niehay on two occasions at a McDonald’s restaurant in Fort Worth regarding
the girls and as a result of those meetings, arrangements were made for Ila,
age thirteen, and Julia, age seventeen, to visit Cozzens at his residence in
Cumby, Hopkins County, Texas.  Ila
(unaccompanied by Julia) visited Cozzens and his current wife in their
residence over a weekend in July 2008. 
Approximately one week later, Ila (but not Julia) stayed with Cozzens
and his wife again, this time for an additional week.  On Ila’s third and final week-long visit with
Cozzens and his wife, Julia joined Ila in Cumby for a weekend during that
time.  

            Ila
was diagnosed at Cook Children’s Medical Center in Fort Worth as suffering from
genital herpes in August 2008, and was examined September 2, 2008, by Dr. Jamye
Coffman, a child abuse pediatrician. 
Coffman testified that she interviewed Ila for a medical history, at
which time Ila told Coffman about sexual abuse she had suffered at the hands of
Cozzens.[3]
 Coffman’s physical examination of Ila
revealed a number of pustules in the vaginal and anal area.  Based on the interview, the physical examination
Coffman conducted of the child, her consultation with the emergency room
physician at Cook Children’s Medical Center who initially examined and treated
Ila on August 26, and a review of Ila’s medical records from Cook Children’s
Medical Center, Coffman diagnosed Ila as suffering from sexual abuse, genital
herpes, and vaginal discharge.  

II.        ANALYSIS

            A.        Coffman’s Expert Opinion Was Reliable

            On appeal, Cozzens generally
contends that Coffman’s testimony regarding Ila’s diagnosis is unreliable because
it is based on laboratory results for herpes testing found in the medical
records of Cook Children’s Medical Center and not from Coffman’s own work.  Cozzens complains that because Coffman
neither performed the herpes test nor was present to ensure that proper
protocol was followed in the collection and transmission of culture material,
Coffman’s opinion regarding Ila’s diagnosis is unreliable.

            Even
when an expert relies on information of which the expert has no personal
knowledge, the admissibility of his opinion is not affected “unless the court
determines that he does not have a sufficient basis for his opinion.”  Aguilar
v. State, 887 S.W.2d 27, 29 (Tex. Crim. App. 1994).  Rule 705(c) of the Texas Rules of Evidence
governs the reliability of expert testimony and states that “[i]f the court
determines that the underlying facts or data do not provide a sufficient basis
for the expert’s opinion under Rule 702 or 703, the opinion is inadmissible.”  Tex. R.
Evid. 705(c).  

            Cozzens
was afforded the opportunity, pursuant to Rule 705(b) of the Texas Rules of
Civil Procedure, to voir dire Coffman regarding “the underlying facts or data”
upon which her opinion was based.  Tex. R. Civ. P. 705(b).  During this voir-dire examination, Coffman
testified that she was familiar with sexually transmitted diseases (including
genital herpes) and the testing and diagnosis of those diseases.  She related that genital herpes is most easily
diagnosed with a culture test.  Although
she was not present when specimens in this case were collected and sent to the
laboratory, Coffman described how a specimen is collected, stored, identified,
and tested for genital herpes. Coffman generally described laboratory testing
known as a polymerase chain reaction, which tests certain parts of a virus’ DNA
for identification purposes.  If the
results are positive for the presence of the genital herpes virus, the virus is
then sub-typed as herpes I or II.  The
ordering physician is then provided the test results, which are entered into
the computer by someone with immediate knowledge of that information.  

            Coffman
did not take the specimen in this case and she did not perform the laboratory
testing to determine positive test results for genital herpes.  Instead, Coffman relied on the physician who
collected the specimen and on the laboratory personnel who conducted the
testing to follow protocol to ensure the accuracy of the test results.  These laboratory test results are included in
the records of Ila from Cook Children’s Medical Center.  

            Coffman’s
diagnosis of genital herpes was not, however, based solely on the laboratory
test results.  In addition to the test
results she was provided, Coffman based her diagnosis on (1) her consultation
with Dr. Doreen Teoh (the emergency room physician who examined and treated Ila
at Cook Children’s Medical Center); (2) her medical history interview and the
physical examination of Ila she had conducted; (3) Coffman’s education,
training, and experience; and (4) a review of Ila’s medical records from Cook Children’s
Medical Center.  Coffman further
testified that it is customary in her profession to rely on consultation with
other physicians who have treated the patient as well as on the patient’s
medical records in forming a diagnosis.  Coffman’s diagnosis that Ila suffered from
genital herpes has not changed.  

            Although
Cozzens did not dispute Coffman’s qualifications to provide expert testimony,
he maintained that her testimony was not reliable expert witness evidence.  The trial court overruled this
objection.  We review the trial court’s
decision to admit expert testimony under an abuse of discretion standard.  Alvarado
v. State, 912 S.W.2d 199, 216 (Tex. Crim. App. 1995); Malone v. State, 163 S.W.3d 785, 793 (Tex. App.––Texarkana 2005,
pet. ref’d).  An abuse of discretion
occurs when the trial court acts without reference to any guiding rules and
principles, or in other words, acts in an arbitrary and unreasonable
manner.  Malone, 163 S.W.3d at 793.

            Rule
703 of the Texas Rules of Evidence provides that:

The facts or data in the particular case upon
which the expert bases an opinion or inference may be those perceived by,
reviewed by, or made known to the expert at or before the hearing.  If of a type reasonably relied upon by
experts in the particular field in forming opinions or inferences upon the
subject, the facts or data need not be admissible in evidence.

 

Tex.
R. Evid. 703.

            Coffman
testified that it is customary in her profession to rely on hospital records,
including laboratory test results, to form a diagnosis.  This testimony was not challenged.  Coffman was, therefore, entitled under Rule
703 to rely on the results of laboratory testing for genital herpes in
diagnosing Ila’s condition.  See Aguilar, 887 S.W.2d at 29 n.9.  Moreover, the laboratory test result report
contained in the records of Cook Children’s Medical Center was not the sole
component of Coffman’s diagnosis.  Coffman
also relied upon other factors, such as Ila’s relation to her of a history of
sexual abuse and Coffman’s physical examination of Ila, who exhibited an
outbreak of pustules in the vaginal and anal areas (which was consistent with
symptoms of that disease).  Coffman also
relied on her own education, experience, and training in reaching this
diagnosis and the opinion rendered by her. 
These factors render her opinion reliable.  The trial court did not abuse its discretion
in permitting Coffman to testify that Ila suffered from herpes and to testify
regarding the basis of that diagnosis (which necessarily included laboratory
test results of the type customarily relied on by physicians such as Coffman).[4]  See
Tex. R. Evid. 705(a).[5]
 We conclude that the underlying facts
and data upon which Coffman based her opinion provide a sufficient basis for
that opinion under Rule 705(c) of the Texas Rules of Evidence.  Tex.
R. Evid. 705(c).  The State
carried its burden to “establish some foundation for the reliability of
[Coffman’s] opinion.”  Vela v. State, 209 S.W.3d 128, 134 (Tex. Crim.
App. 2006).  This point of error is
overruled.

            B.        The
Trial Court Did Not Err in Admitting Medical Records 

            Cozzens
further disputes the admissibility of Ila’s medical records from Cook Children’s
Medical Center, and in particular, the laboratory test results contained in
those records.  Cozzens bases that
argument on the premise that there was no evidence provided that proper
protocol was followed in the collection or testing of the specimen for purposes
of identification of the herpes virus. 
Cozzens claims that merely because Coffman was entitled to rely on Ila’s
medical records from Cook Children’s Medical Center in formulating her opinion,
such reliance does not render the records themselves admissible at trial.[6]
 Rule 705(d) of the Texas Rules of
Evidence sets forth a balancing test to determine whether otherwise
inadmissible facts or data upon which an expert opinion is based should be
excluded.  Tex. R. Evid. 705.  In
order to prompt the necessity to employ a Rule 705 balancing test, however, the
records must first have been determined to be inadmissible.  Cozzens fails to provide any legal authority
for his statement that the records are inadmissible due to a lack of a proper
foundation or predicate for admission of the test results contained
therein.  Under Rule 38.1 of the Texas
Rules of Appellate Procedure, an appellant’s brief must cite authority in
support of the issues raised.  Tex. R. App. P. 38.1(h).  A contention that is conclusory and cites no
authority presents nothing for review.  King v. State, 17 S.W.3d 7, 23 (Tex.
App.––Houston [14th Dist.] 2000, pet. ref’d). 
We conclude that this issue is insufficiently briefed and thus presents
nothing for our review.   

            Cozzens
further claims the medical records in total should not have been admitted
because they were not provided to defense counsel until after jury selection;
thus, there was no opportunity to voir dire the venire with respect to
information contained in the records.  As
before, this contention is once again posited without citation to legal
authority.  We are thus presented only
with a conclusory statement.  As such,
this issue presents nothing for review.  Tex. R. Civ. P. 38.1(h); King, 17 S.W.3d at 23.  

            Finally,
Cozzens claims the medical records were inadmissible because they were not
submitted by the custodian of records. 
Contrary to this assertion, Coffman provided testimony proving up Ila’s
medical records as business records in accord with Rule 803(6) of the Texas
Rules of Evidence.  Tex. R. Evid. 803(6).[7]  Thus, to the extent that the issue of the
medical records’ admissibility has been preserved, we find no error in their
admission.  This point of error is
overruled.

            C.        Factual
Insufficiency of the Evidence

            In his final point
of error, Cozzens claims the evidence is factually insufficient to support a
finding of guilt.  Under the authority of
a recent opinion where a plurality of the Texas Court of Criminal Appeals
abolished the separate factual sufficiency review, we do not address Cozzens’
challenge to the factual sufficiency of the evidence.[8]  See
Brooks, 2010 WL 3894613, at **1, 14. 

III.       CONCLUSION

            We
affirm the judgment of the trial court.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          November 23, 2010

Date Decided:             November 24, 2010

 

Do Not Publish

 

 











[1]Cozzens
was indicted on four additional charges of aggravated sexual assault of a child
(one of which was dismissed) and one additional charge of indecency with a
child by sexual contact as a result of occurrences that took place in July
2008; these matters were consolidated for trial.  Convictions resulting from these indictments
are the subject of a separate appeal before this Court, styled Gary Jordan Cozzens v. The State of Texas,
cause number 06-09-00158-CR, the opinion in which is issued of even date herewith.


 





[2]Pseudonyms,
the names of the two girls having been changed in this opinion.





[3]Ila’s
statement or “history” included statements from her which included the
following:  Cozzens licked and touched
Ila’s breasts.  He touched her “privates”
with his hands and his penis.  Cozzens
put his penis in her vagina.  Ila also
indicated that Cozzens put his finger and his penis in her anus, and it hurt.  “Juice” came out of his penis and onto Ila’s
face.  Cozzens put his mouth on Ila’s
“privates” and made her put her mouth on his penis.  Cozzens showed Ila pictures of naked people
in a magazine and told Ila not to tell, because he would go to jail.  Ila indicated that Cozzens had sores on his
penis.  





[4]At
trial, defense counsel objected to Coffman’s testimony regarding statements Ila
made to Coffman regarding sexual abuse by Cozzens on the basis of hearsay and
that such testimony violated the Confrontation Clause of the United States and
Texas Constitutions.  The trial court
overruled the objection, apparently on the basis that the history given to
Coffman was for the purpose of medical diagnosis or treatment.  See
Tex. R. Evid. 803(4).  On appeal, Cozzens neither specifically
raised this issue, nor is this issue briefed for our consideration.  

 





[5]Rule
705(a) of the Texas Rules of Evidence permits an expert to disclose, on direct
examination, the underlying facts or data upon which her opinion is based.  Tex.
R. Evid. 705(a).

 





[6]Not
only did Coffman rely on the laboratory test results and other medical records
from Cook Children’s Medical Center in giving her opinion—the actual records,
including laboratory test results, were admitted into evidence at trial over
defense counsel’s objection.   





[7]Coffman
testified that upon questioning from the State’s attorney, she is the custodian
of records for Cook Children’s Medical Center; that State’s Exhibit 1 was kept
in the regular course of business by the hospital; that an employee or representative
made the records or transmitted the information regarding the acts, events,
conditions, opinions, or diagnosis contained therein; the information in the
records was recorded at or near the time or reasonably soon after the events
recorded in the records; the employee or representative who made the entries
had actual knowledge of the events recorded; and the records are exact
duplicates of the originals. 

 





[8]In
Brooks v. State, No. PD-0210-09, 2010
WL 3894613, at **1, 14 (Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision), a
plurality of the Texas Court of Criminal Appeals abolished the factual
sufficiency review established by Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny.  The plurality and a concurring Judge Womack
agreed that the Jackson v. Virginia
legal sufficiency standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element
of a criminal offense that the State is required to prove beyond a reasonable
doubt.  Brooks, 2010 WL 3894613, at *1, 14. 
Accordingly, since the Texas Court of Criminal Appeals has abolished
factual sufficiency review on the part of the appellate review process, we need
not address the challenge to the factual sufficiency of the evidence.