Arthur Lee SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–02–00194–CR.

Court of Appeals of Texas,
El Paso.

Aug. 5, 2004.

M. Clara Hernandez, El Paso County Public Defender, El Paso, for Appellant.

Jaime E. Esparza, District Atty., El Paso, for State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### *OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellant was convicted by a jury of possession of cocaine, one gram or more but less than four grams and sentenced to 10 years' imprisonment. Appellant brings three issues: (1) that the trial court abused its discretion by allowing hearsay testimony; (2) that the trial court abused its discretion in admitting an expert's opinion over a hearsay objection; and (3) that the trial court erred in permitting the testimony of a witness not named on the State's pretrial witness list. We reverse and remand.

Two El Paso police officers, on bike patrol in South El Paso, were waved down by a pedestrian, who told them that the Appellant had just tried to sell him some drugs. The Appellant was on the sidewalk nearby and walking towards the police officers. When asked if he possessed any drugs, the Appellant replied, "I have some stuff on me, but I'm not telling you where." Several baggies of cocaine were found in Appellant's wallet.

### *Standard of Review*

The trial court has broad discretion in determining the admissibility of evidence, and its ruling will not be reversed on appeal absent a clear abuse of discretion. *Allridge v. State,* 850 S.W.2d 471, 492 (Tex.Crim.App.1991); *Arzaga v. State,* 86 S.W.3d 767, 774 (Tex.App.-El Paso 2002, no pet.). As long as the trial court's ruling was at least within the zone of reasonable disagreement, we will not intercede. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1991); *Arzaga,* 86 S.W.3d at 774.

In Issue Two, Appellant argues that the testimony of a state chemist was inadmissible hearsay because his testimony was merely the regurgitation of a drug analysis report that was prepared by another state chemist. Specifically, the Appellant complains that the chemist who testified was not the chemist who analyzed the evidence. The witness was a state chemist who was qualified as an expert and testified that the drug analysis report reflected that the substance seized from Appellant weighed about 2.08 grams and contained cocaine.

The State argues that an expert chemist may render an expert opinion based upon another chemist's test. *See Martinez v. State,* 22 S.W.3d 504 (Tex.Crim.App.2000). In *Martinez,* which overruled this Court's

decision, the Court essentially expands the breadth of the *Aguilar* exception to the hearsay rule by eliminating the requirement that the testifying witness be the supervisor of the analyst who actually prepared the lab report. *See Aguilar v. State*, 887 S.W.2d 27, 30 (Tex.Crim.App. 1994).

In *Martinez*, the expert testified at trial as to his present opinion of the test results. *Id.* at 508. While the expert relied on another analyst's report to form the opinion he testified to, as in *Aguilar*, the report itself was never offered into evidence. *Martinez*, 22 S.W.3d at 508. The underlying data and facts were never elicited before the jury. The Court concluded that where an expert is testifying as to his present expert opinion, that testimony was not hearsay. *Id.* Therefore, there was no need to consider whether it fell within an exception to the hearsay rule. *Id.*

The State ignores, however, that the expert in this case was not asked for an opinion. At trial, the prosecutor asked the chemist "[W]hat does that report indicate as to the weight of the cocaine submitted for analysis?" Appellant properly objected to the question but his objection was overruled. The answer was "2.08 grams." That was hearsay if it was offered to prove the weight. These facts fall within the circumstances noted by Judge Womack in his concurring opinion which was joined by two other judges:

> The appellant objected to a question other than the one asking for the witness's opinion. She objected to the question, 'What was the weight of the substance.' The answer was hearsay if it was offered to prove weight. I see no other reason for its offer, and the offer was not limited by the State. It is not within the hearsay exception for public records and reports. There was no effort to qualify it as a record of regularly

recorded activity. It may have been a type of evidence that an expert could reasonably rely on. But, as the Court points out, there are limits on introducing the inadmissible bases of the admissible opinion. If the State had responded to the hearsay objection by asking for the evidence of weight to be admitted for the limited purpose of showing the basis for the opinion that the substance was cocaine, that might have made it admissible. But the State didn't, and the burden to request admission for a specific, limited purpose is on the proponent of the evidence. So it was error to overrule the hearsay objection to the question about the weight.

*Martinez*, 22 S.W.3d at 509 (Womack, J. concurring).

 It was error for the trial court to overrule the Appellant's hearsay objection to the question about the weight in this case. We now turn to the harm analysis. Error in the admission of evidence is subject to a harm analysis under Rule 44.2(b) of the Rules of Appellate Procedure. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998). The erroneous admission of evidence is nonconstitutional error. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). Nonconstitutional error "that does not affect substantial rights must be disregarded." Tex.R.App. P.44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King*, 953 S.W.2d at 271. A criminal conviction should not be overturned for nonconstitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but slight effect. We will not overturn a criminal conviction for nonconstitutional error if, after examining the record as a whole, we have fair assurance that the

error did not influence the jury, or had but a slight effect. *Muhammad v. State,* 46 S.W.3d 493, 509 (Tex.App.-El Paso 2001, no pet.).

Appellant was indicted for possession of cocaine over one gram and under four grams, a third degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c)(Vernon 2003). The Legislature has established an increasing penalty ladder based on the amount of the illicit drug possessed by a defendant. The greater the amount, the greater the punishment. *Melton v. State,* 85 S.W.3d 442, 445 (Tex.App.-Austin 2002). Excluding the erroneously admitted evidence from consideration, there is no evidence of the amount of cocaine that Appellant possessed. And because there is a lower step or offense—possession of less than one gram, the evidence that Appellant is guilty of possession of cocaine greater than one gram and less than four grams is not overwhelming. *See Sanford v. State,* 21 S.W.3d 337, 347 (Tex.App.-El Paso 2000, no pet.). We sustain Issue Two.

Because we have sustained one of Appellant's issues, we decline to address his other issues. We reverse and remand for a new trial.

CRAWFORD, Judge, concurring.

ANN CRAWFORD McCLURE, Justice, concurring.

The majority opinion sustains Appellant's argument that a portion of an expert witness's testimony constituted inadmissible hearsay where he directly testified as to the contents of a written report of the chemist who actually tested the contraband submitted to the lab. I concur with this conclusion but write separately to state my disagreement with the majority's interpretation of *Martinez* and *Aguilar.*

John Janczak, a drug analyst employed by the Texas Department of Public Safety Crime Lab in El Paso, qualified as an expert witness in the field of drug analysis. The following exchange occurred between the prosecutor and Janczak:

The State: Mr. Janczak, what does that report indicate as to the weight of the cocaine submitted for analysis?

Defense: I'm going to object at this time. It's asking the witness to testify off a police report that is hearsay, sir, under *Cole.*[1]

The Court: Overruled.

Defense: Thank you, sir.

Mr. Janczak: 2.08 grams.

The State: And what does that report indicate as to the exact composition of that material?

Defense: Sir, at this time we need to once again object to it as being inadmissible hearsay, and this is opinion testimony as to Mr. Janczak. He didn't actually do any of the testing. How does he know a typographical error was not done when that sheet was prepared, sir?

The Court: Overruled.

Defense: Thank you, sir.

Mr. Janczak: It contains cocaine.

Mr. Janczak was not asked to state his expert opinion regarding the nature of the substance or its weight; rather, he was directly asked what the laboratory report stated. Thus, his testimony amounts to an out-of-court statement offered for the truth of the matter asserted and falls outside of *Aguilar* or *Martinez.* While I concur with the majority opinion's holding,

---

**1.** Appellant apparently based his objection on *Cole v. State,* 839 S.W.2d 798 (Tex.Crim.App. 1990).

I do not entirely agree with its interpretation of *Martinez* and *Aguilar*.

In *Martinez*, the expert witness utilized a written lab report to form his expert opinion that the substance was .34 grams of cocaine. *Martinez*, 22 S.W.3d at 507. The Court of Criminal Appeals, relying on its decision in *Aguilar*, held that the present opinion of a testifying witness does not constitute hearsay because it is not, and can never be, a statement "other than one made by the declarant while testifying at the trial." *Martinez*, 22 S.W.3d at 508, *citing Aguilar*, 887 S.W.2d at 29 (quoting former TEX.R.CRIM.EVID. 801(d)). Despite the plain holding of *Martinez* and *Aguilar* that the hearsay rule is not implicated by an expert witness testifying to his present opinion, the majority opinion makes a puzzling reference to "the *Aguilar* exception to the hearsay rule...." Majority opinion at 314. The Court of Criminal Appeals took issue with a similar statement in *Martinez*:

> In its opinion reversing Martinez's conviction, the court of appeals found that 'the State necessarily failed to establish its right to rely on the hearsay exception carved out by *Aguilar*.'[2] But [the expert witness] testified as to his present expert opinion, so his testimony was not hearsay at all. *There was no need to consider whether it fell within an exception to the hearsay rule.*

*Martinez*, 22 S.W.3d at 508. [Emphasis added].

Not only is it erroneous to refer to the "*Aguilar* exception to the hearsay rule" when the hearsay rule was not implicated in either case, it is misleading to the bench and bar. With these comments, I concur with the majority opinion.

---

2. *Martinez v. State*, 993 S.W.2d 751, 759 (Tex. App.-El Paso 1999), *reversed*, 22 S.W.3d 504