ACCEPTED
07-14-00412-cr
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
5/11/2015 6:05:07 PM
Vivian Long, Clerk

# NO. 07-14-00412-CR

## IN THE COURT OF APPEALS FOR

# THE SEVENTH SUPREME JUDICIAL DISTRICT OF TEXAS

### AT AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
5/11/2015 6:05:07 PM
VIVIAN LONG
CLERK

*********************

# JEFFERY SEAN NOBLETT

### APPELLANT,

## v.

# THE STATE OF TEXAS

### APPELLEE.

*********************

APPEAL FROM CAUSE NUMBER 67,623-D FROM THE
320th JUDICIAL DISTRICT COURT OF POTTER COUNTY,
THE HONORABLE DON R. EMERSON PRESIDING

*********************

# BRIEF FOR THE APPELLANT
*********************

THE WARNER LAW FIRM

101 S.E. 11th, Ste. 301
Amarillo, Texas 79101
Tele:   806.372.2595
Fax:    866.397.9054
e-mail: mike@thewarnerlawfirm.com
e-mail: brent@thewarnerlawfirm.com

Michael A. Warner
Texas Bar No. 20872700
Brent C. Huckabay
Texas Bar No. 24085879

# APPELLANT REQUESTS ORAL ARGUMENT

# IDENTITY OF PARTIES & COUNSEL

1. Appellant

Jeffery Sean Noblett

Trial Counsel:    Michael A. Warner (State Bar No. 20872700)
101 Southeast 11th Avenue, Suite 301
Amarillo, Texas 79101
Telephone:  (806) 372-2595

Appellate Counsel:  Michael A. Warner (State Bar No. 20872700)
101 Southeast 11th Avenue, Suite 301
Amarillo, Texas 79101
Telephone:  (806) 372-2595

Brent C. Huckabay (State Bar No. 24085879)
101 Southeast 11th Avenue, Suite 301
Amarillo, Texas 79101
Telephone:  (806) 372-2595

2. **Appellee**:

The State of Texas

Trial Counsel:    Roberto Lopez, Jr. (State Bar No. 24074617 )
Potter County Assistant District Attorney
501 South Fillmore, Suite 5-A
Amarillo, Texas 79101
Telephone:  (806) 379-2535

Appellate Counsel:  Kathy Levy (State Bar No. 12266480)
Jack Owen (State Bar No. 15369200)
Potter County Assistant District Attorneys
501 South Fillmore, Suite 5-A
Amarillo, Texas 79101
Telephone:  (806) 379-2535

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………………………………………………..2

Index of Authorities………………………………………………………………...5

Address to the Court……………………………………………………………...7

Statement of Case………………………………………………………………...7

Statement Regarding Oral Argument……………………………………………….8

Issues Presented…………………………………………………………………..8

      1.     Whether the trial court erred in denying Defendant's Motion for Limine?

      2.     Whether the trial court erred in denying Defendant's Objection to allowing the pictures of the murdered victim?

      3.     Whether the trial court erred in denying Defendant's Objection to the cumulative nature of the photographs?

      4.     Whether the trail court erred in denying Defendants Objection to mentioning that the victim was ultimately murdered?

      5.     Whether the trial court erred in denying Defendant's Objection to trying the Defendant for Aggravated Kidnapping under the Rule of Parties?

      6.     Whether the evidence was sufficient to convict the Defendant of Aggravated Kidnapping?

Statement of Facts…………………………………………………………...9

Summary of the Arguments……………………………………………………11

Argument for Issue One……………………………………………………14

Argument for Issue Two…………………………………………...………17

Argument for Issue Three……………………………………………….22

Argument for Issue Four…………………………………………...………24

Argument for Issue Five………………………………………...…………27

Argument for Issue Six……………………………………………...……29

Prayer……………………………………………………………………32

Certificate of Compliance……………………………………………..33

Certificate of Service……………………………………...…………33

# INDEX OF AUTHORITIES

Cases

*Casey v. State,* 215 S.W.3d 870 (Tex. Crim. App. 2010)…………………...15,18,22

*Earhart v. State,* 823 S.W.2d 607 (Tex. Crim. App. 1991)………………………..30

*Erazo v. State*, 144 S.W.3d 487 (Tex. Crim. App. 2004)………………………19,20

*Fuller v. State,* 829 S.W.2d 191 (Tex. Crim. App. 1992), *cert. denied*,
    508 U.S. 941, 113 S.Ct. 2418, 124 L. Ed. 2d 640 (1993)…………………..21

*Hinojosa v. State,* 433 S.W.3d 742 (Tex.App.-San Antonio 2014,
    pet. ref'd…………………………………………………………………...31

*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979)…………………………30

*Long v. State,* 823 S.W.2d 259 (Tex. Crim. App. 1991), *cert denied,*
    505 U.S. 1224, 112 S. Ct. 3042, 120 L. Ed. 2d 910 (1992)………………...21

*Malik v. State*, 953 S.W. 2d 234 (Tex. Crim. App. 1997)…………………………30

*Martinez v. State,* 327 S.W.3d 727 (Tex. Crim. App. 2010), *cert denied*
    131 S.Ct. 2966, 180 L. Ed. 2d 253 (2011)……………………..15,18,22,25,27

*Mayer v. State,* 309 S.W.3d 552 (Tex. Crim. App. 2010)……………………...14,30

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990)…………………..19

*Motilla v. State,* 78 S.W.3d 352 (Tex. Crim. App. 2001)……………15,19,23,25,28

*Ray v. State,* 178 S.W.3d 833 (Tex. Crim. App. 2005)……………....15,18,22,25,28

*Rich v. State,* 1602 S.W.3d 575 (Tex. Crim. App. 2005)……………15,18,22,25,27

*Scott v. State,* 155 S.W.3d 312 (Tex. Crim. App. 2004)…………………………..20

*State v. Mechler,* 153 S.W.3d 435 (Tex. Crim. App. 2005)…………………………23

*Wyatt v. State,* 23 S.W.3d 18 (Tex. Crim. App. 2000)……………………………20

Statutory Provisions

Tex. R. App. P. §33.1(a)……………………………………………………………...14

Tex. R. App. P. §38.1…………………………………………………………………7

Tex. R. App. P. §44.2(b)…………………………………………………..15,18,20,23,25,28

Texas R. Evid. §401…………………………………………………...9,16,19,23,26,28

Texas R. Evid. §402…………………………………………………..16,19,23,26,28

Texas R. Evid. §403…………………………………………………..9,16,19,23,24,26,28

Rules

Texas Penal Code Ann. §7.01(b)……………………………………………………...29

Texas Penal Code Ann. §7.02…...……..………………………………8,13,14,16,26,27

Texas Penal Code Ann. §7.02(a)(2)…………………………………………………...29

Texas Penal Code Ann. §20.01(2)………..…...………………………………………...31

Texas Penal Code Ann. §20.01(1)(a)……...………………………………………...31

Texas Penal Code Ann. §20.04(B)……………………………………………………30

IN THE COURT OF APPEALS FOR

# THE SEVENTH SUPREME JUDICIAL DISTRICT OF TEXAS

### AT AMARILLO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JEFFERY SEAN NOBLETT

APPELLANT,

**v.**

## THE STATE OF TEXAS

APPELLEE**.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM CAUSE NUMBER 67,623-D FROM THE
320th JUDICIAL DISTRICT COURT OF POTTER COUNTY,
THE HONORABLE DON R. EMERSON PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BRIEF FOR THE APPELLANT
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**To the Honorable Justices of the Court of Appeals:**

COMES NOW **JEFFERY SEAN NOBLETT**, appellant, and submits this

Brief under TEX. R. APP. P. §38.1, requesting a new trial in this cause.

### STATEMENT OF THE CASE

The appellant pled not guilty to a charge of Aggravated Kidnapping.  The jury

returned a guilty verdict and sentenced Appellant to fifty (50) years' imprisonment

in the Texas Department of Criminal Justice-Institutional Division, which the trial

court imposed. (Clerk's Record (CR), v. 1, p. 95, 101).

## STATEMENT REGARDING ORAL ARGUMENT

Particularly since the majority of the issues are of constitutional dimension the appellant requests oral argument.

## ISSUES PRESENTED FOR REVIEW

1.　　Whether the trial court's denial of Appellant's Motion for Limine and corresponding pre-trial hearing was a harmful abuse of discretion?

2.　　Whether the trial court's denial of Appellant's Objection to allowing the pictures of the murdered victim was a harmful abuse of discretion?

3.　　Whether the trial court's denial of Appellant's Objection to the cumulative nature of the photographs was a harmful abuse of discretion?

4.　　Whether the trial court's denial of Appellant's Objection in mentioning that the victim was ultimately murdered was an abuse of discretion?

5.　　Whether the trial court's denial of Appellant's Objection to trying the Defendant for Aggravated Kidnapping under the Texas Penal Code Ann. §7.02 was a harmful abuse of discretion?

6.　　Whether the evidence was sufficient to convict the Defendant of Aggravated Kidnapping?

## STATEMENT OF FACTS

Before the trial began, Appellant's Attorney requested a hearing on Appellant's Motion in Limine, which was denied. The Motion had been properly served on the trial court and on the District Attorney; however, the trial court stated "object during the trial." During the trial, Officer Hudson, testified that on his way to the police station on August 13, 2013, he noticed what turned out to be a dead body in the road off 2nd and Bryan in Amarillo, Texas. (RR, V.3, p. 17-30). The Appellant objected to the introduction of any pictures of the dead body of the victim under Texas R. Evid. §403, which was overruled. (RR, V.3, p. 20) The Appellant continued to object to Officer Hudson detailing where and what type injuries he noticed on the victim, which were all overruled. (RR, v.3, p.22).

Officer Rifenberg then testified about his review of the crime scene and the continued examination of the victim. (RR, v.3, p. 31-62) The Appellant objected to the introduction of additional photos under Texas R. Evid. §401, Texas R. Evid. §403, and the cumulative nature of the photographs, which were all overruled. (RR, v.3, p. 33-34) Officer Rifendberg continued to testify about the strength of the wire wrapped around the victim's legs and arms. (RR, v.3, p. 38-39) The Appellant objected to the giving of expert testimony by someone other than an expert and was again overruled. (RR, v.3, p. 39) Officer Rifendberg then testified about a residence on the 700th block

of Tennessee in Amarillo, Texas. (RR, v.3, p. 44-61)

Officer Bushey testified about the retrieval of evidence from cell phones during the investigation. (RR, v.3, p. 61-65)

Brittney Bralley than testified about her involvement with the Appellant and what she recollects about the time period between the end of July and mid-August 2013. (RR, v.3, p. 65-101)

Officer Rolan testified about the interview of the Appellant and what was found on the audio recordings recovered from the Appellant's phone. (RR, v.3, p. 102-145) The appellant objected to the question by the State of "So keeping a Lookout" as being speculation, which was overruled. (RR, v.3, p. 110) The Appellant objected to the question of "if somebody were to cut somebody's balls off, is that serious bodily injury" as not being relevant, which was overruled. (RR, v.3, p. 111) The Appellant objected to the question of "what do you think he's meaning by I'm going to go" as being speculation, which was overruled. (RR, v.3, p.113) The Appellant objected to the question of "do you figure out what he means by I'm going to go" as being for the jury to decide, which was overruled. (RR, v.3, p.114) The Appellant objected to the question of "do you now realize what he meant when he said, I'm going to go" as being speculation, which was overruled. (RR, v.3, p.114) The Appellant objected to the question of "were you able to determine whether he

had assisted in any way in the kidnapping of Lance Hooser" as calling for a legal conclusion and invading the province of the jury, which was overruled. (RR, v.3, p.115) The Appellant objected to the question of "in what ways did he assist in the aggravated kidnapping" as calling for a legal conclusion, which was overruled. (RR, v.3, p.115) The Appellant objected to the question "did he attempt to assist in any way after the SUV left", as not relevant since the Appellant is not charged with attempted anything, which was overruled. (RR, v.3, p.116)

Dr. Parson's than testified about the results of the autopsy. (RR, v.4, p.4-24) After the State's and the Appellant's closing arguments, deliberations then began.

## SUMMARY OF THE ARGUMENT

In Issue One, the Appellant respectfully contends that the trial court's denial of Appellant's Motion for Limine and corresponding pre-trial hearing was a harmful abuse of discretion. The Appellant's Motion for Limine sought to restrict the introduction of the photos of the deceased and the knowledge that the victim ultimately died from the jury. It is undisputed that Appellant was nowhere around when the victim was ultimately killed and the Appellant was not a party or privy to the information that the victim even had a chance of dying. The Appellant was just in the wrong place at the wrong time and when he realized what was happening he left and drove in the opposite direction of the events unfolding.

11

In Issues Two and Three, the Appellant respectfully contends that the denial of Appellant's objections to the introduction of the photographs of the deceased body and the autopsy reports and the cumulative nature of the photos were an abuse of discretion. The photographs in question were more prejudicial then probative and they were not relevant to the charge Appellant was facing. These photos depict gunshot wounds that the victim suffered after Appellant left the house where the victim was last seen alive. The trial court could have allowed only the photos depicting the red wire, rather than those of the victim's injuries from the assault by the other defendants and gunshot wounds. Appellant was never charged with murder, nor was Appellant given any notice that he would be tried for any offense outside the "four corners" of the indictment. Thus, any extraneous evidence of a murder Appellant did not commit was highly inflammatory and prejudicial on its face causing an unjust result. In addition, photos of the deceased inflamed the jury and prevented Appellant from receiving a fair trial under both the United States and Texas Constitutions.

In Issue Four, the Appellant respectfully contends that the denial of the Appellant's objections to the introduction of the fact that the victim ultimately died was an abuse of discretion. The Appellant did not participate in any of the injuries sustained by the victim and left the scene of the crime while the victim was still

12

present at the house and was still alive. By introducing the fact that the victim ultimately died was more prejudicial then probative and was used to inflame the jury against the Appellant who had no part in the victim's death.

In Issue Five, the Appellant respectfully contends that the denial Appellant's objection to being tried under Texas Penal Code Ann. §7.02 was an abuse of discretion. Under Texas Penal Code Ann. §7.02, a party is eligible to be tried for the offense committed by another if they aided, helped, participated, encouraged, etc… in the commission of a crime; however, the Appellant was ultimately tried for a murder charge, even though he was only charged with Aggravated Kidnapping, thus the introduction of the facts of the murder were not relevant to the charge the Appellant was facing.

In Issue Six, the Appellant respectfully challenges the sufficiency of the evidence for his conviction for Aggravated Kidnapping. The Appellant was charged with Aggravated Kidnapping which required the State to prove beyond a reasonable doubt that the Appellant intended to terrorize the victim, intentionally or knowingly abducting Lance Hooser, while using or threatening to use deadly force and by moving him from one place to another with the intent to prevent his liberation. The Appellant never made any comments or participated in any of the terrorizing of the victim. The Appellant also never threatened to use deadly force against Lance

13

Hooser. The Appellant also did not move Lance Hooser, all the Appellant did was catch him from being dropped by the other co-defendants. There was no evidence that the Appellant had any other physical contact other than this. When the Appellant left the scene and went in the opposite direction, Lance Hooser was still alive and still at the location where Hooser was last seen alive.

## ARGUMENT FOR ISSUE ONE

Was the denial of the Defendant's Motion in Limine a harmful abuse of discretion?

The Propriety of this Claim

The appellant sought to have their Motion in Limine ruled on during a pre-trial hearing before the sitting of the jury panel; however, the Judge refused to hear it and thus informed the Appellant that they would have to object during the trial. Also, the appellant sought to object to any of the State's witnesses inferring or alluding to the fact in this case that the victim was ultimately killed or that he was shot. The appellant also objected to the use law of parties under Texas. Penal Code Ann. §7.02; however, the trial court denied to hear the objection and informed the appellant to object during trial. (RR, v.3, p.15) The particular injections were included in the Defendant's Motion in Limine. The specific request and its rejection accordingly satisfy TEX. R. APP. P. 33.1(a). In addition, there is a claim of insufficiency of the evidence, for which nothing need be preserved for review. *Mayer v. State*, 309

14

S.W.2d 552, 556 (Tex.Crim.App. 2010).

Standard of Review

"The trial court's decision to admit or exclude evidence" is reviewed "under an abuse of discretion standard." *Martinez v. State,* 327 S.W.3d 727, 736 (Tex.Crim.App. 2010), *cert. denied,* 131 S.Ct. 2966, 180 L.Ed.2d 253 (2011). Á trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Casey v. State,* 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). And everything in the record is included in the analysis, including "the character of the alleged error, "defensive theories and closing argument". *Rich v. State,* 1602 S.W.3d 575, 577-8 (Tex.Crim.App. 2005).

Harm Analysis

A trial court's erroneous decision on the admission of evidence is generally not of constitutional dimension. *Ray v. State,* 178 S.W.3d 833, 836 (Tex.Crim.App. 2005). As such, to be reversible error must have affected the appellant's substantial rights. TEX. R. APP. P. §44.2(b). And substantial rights have been affected where the reviewing court cannot conclude with "fair assurance that the error did not influence the jury, or had but a slight effect" – otherwise the error is harmless. *Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App. 2001).

<u>Underlying Law</u>

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of" the case "more probable or less probable than it would be without the evidence." TEX. R. EVID. §401. Also, all "relevant evidence is admissible" unless made inadmissible by constitutional provision, statute or other rules "prescribed pursuant to statutory authority. Evidence which is not relevant is inadmissible." TEX.R.EVID. §402. Also, the court examines whether its probative value is outweighed by its inflammatory nature. TEX R. EVID. §403. Pursuant to Tex. Penal Code Ann. §7.02, a person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the person to commit the offense. Mere presence alone will not constitute one a party to an offense.

<u>Analysis</u>

Here the evidence was not relevant and was more prejudicial than probative. The mentioning of the fact that the victim ultimately died inflamed the jury and prevented the appellant from receiving a fair trial. During the trial, Defense counsel asked Officer Hudson, "The situation you've described for us today is basically a murder charge isn't it?" Officer Hudson responded with "yes, sir." (RR, v.3, p. 28).

16

Thus, the failure of the trial court to sustain Appellant's objection, allowed the jury to hear about the ultimate death of the victim, which was unfairly prejudicial and was not relevant to the charge of Aggravated Kidnapping for which Appellant was charged.

In this case, Appellant was charged with the offense of Aggravated Kidnapping, but in reality, because of the trial court's rulings, Appellant was tried for murder. The trial court's decision to allow in evidence of victim's murder (when Appellant was not within miles of that location), the information and pictures of the dead body, Appellant was actually tried for a murder instead of the charged offense of Aggravated Kidnapping. A person cannot be tried under the Rule of Parties unless they are actually charged with the same offense. Since Appellant was not charged with murder, the jury should not have seen gruesome photos of the victim's gunshot wounds and received evidence of the victim's untimely death while Appellant was not within miles of the area where the victim was shot and killed. Appellant's Motion in Limine directly addressed these issues, but were dismissed with the trial court without a hearing and/or ruling on same.

### ARGUMENT FOR ISSUE TWO

Whether the trial court's denial of Appellant's Objection to allowing the pictures of the murdered victim was a harmful abuse of discretion?

17

## The Propriety of this Claim

This is a claim for abuse of discretion on the part of the trial court. The Appellant timely objected to the introduction of any and all pictures of Lance Hooser showing that he had died.

## Standard of Review

"The trial court's decision to admit or exclude evidence" is reviewed "under an abuse of discretion standard." *Martinez v. State,* 327 S.W.3d 727, 736 (Tex.Crim.App. 2010), *cert. denied,* 131 S.Ct. 2966, 180 L.Ed.2d 253 (2011). Á trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Casey v. State,* 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). And everything in the record is included in the analysis, including "the character of the alleged error, "defensive theories and closing argument". *Rich v. State,* 1602 S.W.3d 575, 577-8 (Tex.Crim.App. 2005).

## Harm Analysis

A trial court's erroneous decision on the admission of evidence is generally not of constitutional dimension. *Ray v. State,* 178 S.W.3d 833, 836 (Tex.Crim.App. 2005). As such, to be reversible error must have affected the appellant's substantial rights. TEX. R. APP. P. §44.2(b). And substantial rights have been affected where the reviewing court cannot conclude with "fair assurance that the error did not

18

influence the jury, or had but a slight effect" – otherwise the error is harmless. *Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App. 2001).

<u>Underlying Law</u>

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of" the case "more probable or less probable than it would be without the evidence." TEX. R. EVID. §401. Also, all "relevant evidence is admissible" unless made inadmissible by constitutional provision, statute or other rules "prescribed pursuant to statutory authority. Evidence which is not relevant is inadmissible." TEX.R.EVID. §402. Also, the court examines whether its probative value is outweighed by its inflammatory nature. TEX R. EVID. §403.

Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. §403. A four-prong test is used in reviewing a trial court's evidentiary ruling under rule §403: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State,* 144 S.W.3d 487, 489 (Tex. Crim. App. 2004); *Montgomery v. State,* 810 S.W.2d 372,

379-380 (Tex. Crim. App. 1990). In the context of photographs, the Court also considers the number of photographs, their size, whether they are gruesome, whether any bodies are clothed or naked, and whether the body has been altered by autopsy. *Erazo v. State, 144 S.W.3d at 489; Wyatt v. State,* 23 S.W.3d 18, 29 (Tex. Crim. App. 2000). Appellate courts are not limited to this list. They also consider the availability of other means of proof and the circumstances unique to each individual case. *Erazo v. State,* 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

Analysis

Erroneous admission of evidence is non-constitutional error. *Scott v. State,* 155 S.W. 3d 312, 314 (Tex. Crim. App. 2004). A non-constitutional error "that does not affect substantial rights must be disregarded." TEX.R.APP.P 44.2(b). When an error had a substantial and injurious effect or influence in determining the jury's verdict, a substantial right is affected. *Scott* at 314. In the present case, the pictures of the dead body had a substantial and injurious effect on the jury. The Appellant was ultimately tried and convicted for the murder of Lance Hooser, even though he was only charged with Aggravated Kidnapping.

In weighing the probative value of a photograph against the danger of unfair prejudice, the court must consider the inherent tendency that the photograph may have to encourage the resolution of material issues on an inappropriate emotional

20

basis. *Fuller v.* State, 829 S.W.2d 191, 209 (Tex.Crim.App. 1992), cert. denied, 508 U.S. 941, 113 S. Ct. 2418, 124 L. Ed. 2d 640 (1993). The court must balance carefully against that inherent tendency the host of factors affecting probativeness, including the relative weight of the photographic evidence and the degree to which its proponent might be disadvantaged without it. *Id.* In conducting the balancing test, the court should consider factors such as the gruesomeness of the photographs, their detail and their size, whether they are black and white or color, whether they are close-up, and whether a body is clothed. *Long v. State,* 823 S.W.2d 259 (Tex. Crim. App. 1991), *cert denied*, 505 U.S. 1224, 112 S. Ct. 3042, 120 L. Ed. 2d 910 (1992). Generally, a photograph is admissible if verbal testimony of what it portrays is relevant to the case. *Id. at 271.* In the present case, the Appellant was charged with Aggravated Kidnapping and the evidence shows that the Appellant had left the scene of the crime and said, "I am going to go." The Appellant was not a party to anything that happened after he had left, therefore, pictures of the victim after the victim had been tossed from the vehicle and had further been shot in the head were not relevant to the instant case. The only purposed served by admitting these types of pictures was to inflame the jury and prevent the Appellant from receiving a fair trial. It worked.

# ARGUMENT FOR ISSUE THREE

Was the trial court's denial of Appellant's Objection to the cumulative nature of the photographs a harmful abuse of discretion?

## The Propriety of this Claim

This is a claim for abuse of discretion on the part of the trial court. The Appellant timely objected to the cumulative nature of the photographs being introduced depicting Lance Hooser's dead body.

## Standard of Review

"The trial court's decision to admit or exclude evidence" is reviewed "under an abuse of discretion standard." *Martinez v. State,* 327 S.W.3d 727, 736 (Tex.Crim.App. 2010), *cert. denied,* 131 S.Ct. 2966, 180 L.Ed.2d 253 (2011). Á trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Casey v. State,* 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). And everything in the record is included in the analysis, including "the character of the alleged error, "defensive theories and closing argument." *Rich v. State,* 1602 S.W.3d 575, 577-8 (Tex.Crim.App. 2005).

## Harm Analysis

A trial court's erroneous decision on the admission of evidence is generally not of constitutional dimension. *Ray v. State,* 178 S.W.3d 833, 836 (Tex.Crim.App.

22

2005).  As such, to be reversible error must have affected the appellant's substantial rights.  TEX. R. APP. P. §44.2(b).  And substantial rights have been affected where the reviewing court cannot conclude with "fair assurance that the error did not influence the jury, or had but a slight effect" – otherwise the error is harmless. *Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App. 2001).

Underlying Law

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of" the case "more probable or less probable than it would be without the evidence." TEX. R. EVID. §401.  Also, all "relevant evidence is admissible" unless made inadmissible by constitutional provision, statute or other rules "prescribed pursuant to statutory authority.  Evidence which is not relevant is inadmissible." TEX.R.EVID. §402.  Also, the court examines whether its probative value is outweighed by its inflammatory nature. TEX R. EVID. §403.

Analysis

TEX R. EVID. §403 requires analyzing for factors to determine trial court abuse of discretion.  The four factors are (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponents need for the evidence. *State*

23

*v. Mechler,* 153 S.W.3d 435 (Tex. Crim. App. 2005). In the present case, the probative value of the evidence is lacking, since the Appellant was not charged with the victim's murder. The only reason the photographs were published to the jury was to inflame the jury. The alleged crime happened in August 2013; however, over a year later the Appellant was only indicted and ultimately charged with Aggravated Kidnapping since there was no evidence that Appellant participated, aided, or even knew about the ultimate death of the victim until after it happened. Appellant had left the scene before the death occurred and this is further evidenced by the fact the Appellant had headed in the totally opposite direction from where the events took place. The State needed the evidence of the death and the cumulative photos to show the jury, because they knew without them they could not reach a guilty verdict for murder nor the charged Aggravated Kidnapping. Based on the analysis of TEX. R. EVID. §403, the photographs were more prejudicial then probative and should never have been shown to the jury.

## ARGUMENT FOR ISSUE FOUR

Was the trial court's denial of Appellant's Objection to mentioning that the victim was ultimately murdered?

The Propriety of this Claim

This is a claim for abuse of discretion on the part of the trial court. The

Appellant timely objected to the mentioning of the untimely death of Lance Hooser, thus setting the Appellant up for a murder trial even though he was only charged with Aggravated kidnapping.

Standard of Review

"The trial court's decision to admit or exclude evidence" is reviewed "under an abuse of discretion standard." *Martinez v. State,* 327 S.W.3d 727, 736 (Tex.Crim.App. 2010), *cert. denied,* 131 S.Ct. 2966, 180 L.Ed.2d 253 (2011). Á trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Casey v. State,* 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). And everything in the record is included in the analysis, including "the character of the alleged error, "defensive theories and closing argument". *Rich v. State,* 1602 S.W.3d 575, 577-8 (Tex.Crim.App. 2005).

Harm Analysis

A trial court's erroneous decision on the admission of evidence is generally not of constitutional dimension. *Ray v. State,* 178 S.W.3d 833, 836 (Tex.Crim.App. 2005). As such, to be reversible error must have affected the appellant's substantial rights. TEX. R. APP. P. §44.2(b). And substantial rights have been affected where the reviewing court cannot conclude with "fair assurance that the error did not influence the jury, or had but a slight effect" – otherwise the error is harmless. *Motilla*

*v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App. 2001).

Underlying Law

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of" the case "more probable or less probable than it would be without the evidence." TEX. R. EVID. §401. Also, all "relevant evidence is admissible" unless made inadmissible by constitutional provision, statute or other rules "prescribed pursuant to statutory authority. Evidence which is not relevant is inadmissible." TEX.R.EVID. §402. Also, the court examines whether its probative value is outweighed by its inflammatory nature. TEX R. EVID. §403.

Analysis

The Appellant was only charged with Aggravated Kidnapping, he was not charged with the murder of Lance Hooser. By showing the mentioning to the jury and basing the entire case on the fact that Lance Hooser ultimately died was an abuse in discretion by the trial court. The Appellant was not present when Lance Hooser was ultimately killed nor was he aware that that was even a possibility the victim was be killed. Appellant did not participate in the assault to Lance Hooser, thus the pictures of his untimely death were only there to inflame the jury and prejudice Appellant.

## ARGUMENT FOR ISSUE FIVE

Was the trial court's denial of Appellant's Objection to trying the Defendant for Aggravated Kidnapping under the Texas Penal Code Ann. §7.02 a harmful abuse of discretion?

The Propriety of this Claim

This is a claim for abuse of discretion on the part of the trial court. The Appellant timely objected to the inclusion of the Rule of Parties under Texas Penal Code Ann. §7.02 for the charge of Aggravated Kidnapping, since the rest of the "parties" were being charged with murder, which is exactly what Appellant was tried for.

Standard of Review

"The trial court's decision to admit or exclude evidence" is reviewed "under an abuse of discretion standard." *Martinez v. State,* 327 S.W.3d 727, 736 (Tex.Crim.App. 2010), *cert. denied,* 131 S.Ct. 2966, 180 L.Ed.2d 253 (2011). Á trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Casey v. State,* 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). And everything in the record is included in the analysis, including "the character of the alleged error, "defensive theories and closing argument". *Rich v. State,* 1602 S.W.3d 575, 577-8 (Tex.Crim.App. 2005).

27

## Harm Analysis

A trial court's erroneous decision on the admission of evidence is generally not of constitutional dimension. *Ray v. State,* 178 S.W.3d 833, 836 (Tex.Crim.App. 2005). As such, to be reversible error must have affected the appellant's substantial rights. TEX. R. APP. P. 44.2(b). And substantial rights have been affected where the reviewing court cannot conclude with "fair assurance that the error did not influence the jury, or had but a slight effect" – otherwise the error is harmless. *Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App. 2001).

## Underlying Law

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of" the case "more probable or less probable than it would be without the evidence." TEX. R. EVID. §401. Also, all "relevant evidence is admissible" unless made inadmissible by constitutional provision, statute or other rules "prescribed pursuant to statutory authority. Evidence which is not relevant is inadmissible." TEX.R.EVID. §402. Also, the court examines whether its probative value is outweighed by its inflammatory nature. TEX R. EVID. §403.

The law of parties in the Texas Penal Code defines when a person may be held criminally responsible for the conduct of another. The statue provides that each party

to an offense may be charged with the offense. Tex. Penal Code Ann. §7.01(b). Under Tex. Penal Code Ann. §7.02(a)(2), a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Analysis

In the present case, the Appellant showed up at house to meet friends. The Appellant did not solicit, encourage, or directed anybody to do anything to the victim. The Appellant stayed outside the entire time he was there, which was like 15 minutes if that. Sometime during the event, one of the guys in the house asked if he had any rope or wire. The Appellant grabbed some speaker wire from his truck and gave it to his buddy. Again, Appellant never went inside, never participated in the tying up the victim and was gone before anything further happened to the victim. Appellant was heading in the opposite direction from where the events ultimately took place at the time the victim was removed from the premises.

**ARGUMENT FOR ISSUE SIX**

Whether the evidence was sufficient to convict the Defendant of Aggravated Kidnapping?

<u>The Propriety of the Claim</u>

This is a claim of insufficiency of the evidence, for which nothing need by preserved for error. *Mayer v. State,* 309 S.W.3d 552, 556 (Tex.Crim.App.2010). The issue was accordingly preserved for error

<u>Standard of Review</u>

When reviewing the legal sufficiency of the evidence, all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979). The standard is the same for both direct and circumstantial evidence cases. *Earhart v. State*, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991). We measure the legal sufficiency of the evidence by the elements of the offense as defined by a "hypothetically correct jury charge" for the case. *Malik v. State,* 953 S.W. 2d 234 (Tex. Crim. App. 1997).

<u>Underlying Law</u>

A person commits the offense of aggravated kidnapping if he intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense. Tex. Penal Code Ann. §20.04B. For purposes of this statute, abduct "means to restrain a person with intent to prevent his liberation by: (A) secreting or holding him in a place where he is not likely to be found; or (B) using

or threatening to use deadly force. *See id*. §20.01(2). Restrain "means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. Restraint is "without consent" if "accomplished by force, intimidation, or deception." *Id.* §20.01(1)(A).

Analysis

During the trial, there is no evidence that the Appellant threatened or even knew there was a deadly weapon present. He had left the scene before the gun was pulled out by Ricky Burns, and was heading in the opposite direction. Also, during the trial there is no evidence that the Defendant participated in any of the violence to the victim. Appellant stayed outside the entire time. There is no evidence that Appellant was an active participant in the assault on the victim. The only time, the Appellant was even around the victim, was when he was brought outside and he caught the victim as the victim was about to be dropped, thus preventing any more damage to the victim. Thus, the jury could not find beyond a reasonable doubt that Appellant abducted the victim, when Appellant left the victim in the same location the victim was in when Appellant arrived was in the exact same place as when he arrived. The car was still present at the house, he did not do any of the driving. This is different from *Hinojosa v. State, 433 S.W.3d 742,* (Tex.App.-San Antonio 2014,

31

pet. ref'd at 756, where the Appellant was actually driving the vehicle with the victim in the car. Here the Appellant had already left the scene, when the victim was moved.

## CONCLUSION AND PRAYER FOR RELIEF

The trial court abused its discretion by denying Defendant's Motion in Limine and thus not allowing Defendant to have a fair trial. The introduction of the objected to evidence was more prejudicial than probative. The Court should reverse the trial court's decision denying the defendant's Motion in Limine and should grant the Defendant a new trial. Appellant prays that this Honorable Court reverse the ruling of the trial court and remand this case back to the trial court for a new trial without the objected to evidence being allowed to be presented.

Respectfully submitted,

**THE WARNER LAW FIRM**

/s/ Michael A. Warner
**MICHAEL A. WARNER**
State Bar No. 20872700
E-mail: mike@thewarnerlawfirm.com
**BRENT C. HUCKABAY**
State Bar No. 24085879
E-mail: brent@thewarnerlawfirm.com

101 S.E. 11th, Suite 301
Amarillo, Texas 79101
Tele: 806.372.2595
Fax: 866.397.9054

**ATTORNEYS FOR APPELLANT**

32

**Certificate of Service**

I certify that a true copy of this the Brief of Appellant, Jeffery Sean Noblett was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

**STATE OF TEXAS**, represented by

Randall Sims, 47th District Attorney's Office

| | | |
|---|---|---|
| 501 S. Fillmore, Suite 5A | Certified mail | Delivery service |
| Amarillo, Texas 79101 | _____ | _____ |
| Tele: 806.379.2325 | Fax transfer | Personal delivery |
| Fax: 806.379.2863 | #_____X_____ | _____ |

Date of service: May 11, 2015

Signed this 11th day of May, 2015.

/s/ Michael A. Warner
**MICHAEL A. WARNER**

**CERTIFICATE OF COMPLIANCE WITH TARP 9.4(i)**

I certify that the Appellant's Brief is in compliance with Texas Appellate Rule of Procedure 9.4(i). The total word count for the document is 6,353. The Total page length is 33 pages.

Signed this 11th day of May, 2015

/s/ Michael A. Warner
**MICHAEL A. WARNER**

33